# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 1:19-cv-22671-KMM

PAUL R. BROSKY,

    Petitioner,

v.

SEC'Y, FLA. DEP'T OF CORR.,

    Respondent.
    _____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon *pro se* Petitioner Paul R. Brosky's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. ("Pet.") (ECF No. 1). The Petition attacks the lawfulness of Petitioner's conviction in Case Number F02-026611, Eleventh Judicial Circuit of Florida, Miami-Dade County. Respondent filed a Response. ("Resp.") (ECF No. 20). Petitioner did not file a Reply. The matter was referred to the Honorable Lisette M. Reid, United States Magistrate Judge, who issued a Report and Recommendation recommending that Petitioner's Petition be DENIED and that (1) no certificate of appealability issue, (2) final judgment be entered; and (3) the case be closed. ("R&R") (ECF No. 24). Plaintiff filed timely objections. ("Objs.") (ECF No. 29). The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party

files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.* However, objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions. *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R."). When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015).

In his Petition, Petitioner alleges eight (8) grounds for relief from his state court conviction. *See generally* Pet. First, Petitioner argues that he was denied his right to due process under the Fifth and Fourteenth Amendments when the state court "deviated from the standard jury instruction for sexual battery, rendering his entire trial fundamentally unfair." ("Claim One") Pet. at 18–19. Next, he argues that he was denied his right to due process under the Fifth and Fourteenth Amendments when the state of Florida failed to prove an essential element of the offense of sexual battery. ("Claim Two") *Id.* at 19–20. Third, Petitioner contends that he was denied a fair and impartial trial under the Sixth and Fourteenth Amendments because the jurors in his case "could

not render an impartial verdict." ("Claim Three") *Id.* at 20–22. Fourth, Petitioner argues that he was denied effective assistance of counsel under the Sixth and Fourteenth Amendments due to the failure of his trial counsel to investigate the crime and locate or interview witnesses. ("Claim Four") *Id.* at 23–25. Next, Petitioner asserts that he was denied effective assistance of counsel under the Sixth and Fourteenth Amendments resulting from his trial counsel's failure to investigate relevant and exculpatory evidence. ("Claim Five") *Id.* at 26–27. Sixth, Petitioner argues that he was denied effective assistance of counsel under the Sixth and Fourteenth Amendments because "trial counsel failed to assert the only viable defense consistent with the facts." ("Claim Six") *Id.* at 27–29. Seventh, Petitioner maintains that he was denied effective assistance of counsel under the Sixth and Fourteenth Amendments because of his trial counsel's failure to challenge the credibility of a key witness. ("Claim Seven") *Id.* at 29–32. And, finally, Petitioner argues that he was denied effective assistance of counsel under the Fifth, Sixth, and Fourteenth Amendments "when trial counsel failed to contest the State's failure to preserve and provide critical evidence and otherwise move to suppress that evidence." ("Claim Eight") *Id.* at 32–36. Petitioner also asserts that the Petition is timely. *Id.* at 35–36.

As set forth in the R&R, Magistrate Judge Reid finds as an initial matter that Petitioner's Petition is untimely, since he filed his "original Rule 3.850 motion [on] January 31, 2012 (i.e., nearly one year and nine months after his judgment of conviction became final)" on May 4, 2010—well after the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations. *See* R&R at 13; *see also* 28 U.S.C. § 2244(d)(1).

However, even if the Petition was not untimely, Magistrate Judge Reid finds that it fails on the merits because (1) Claims One and Two are procedurally defaulted due to the state courts' rejection of Petitioner's federal constitutional claims on "independent and adequate state grounds,"

3

R&R at 18–20; (2) the Third District Court of Appeal of Florida's ("Third District") rejection of Claim Three "was not contrary to, or an unreasonable application of, clearly established federal law or an unreasonable determination of the facts," *id.* at 20–22; and (3) the trial court reasonably rejected Claims Four through Eight, *id.* at 22–30. Additionally, Magistrate Judge Reid finds that Petitioner is not entitled to an evidentiary hearing or a certificate of appealability. *See id.* at 30–31 (concluding that "the record refutes [Petitioner's] factual allegations" and that "[e]ven though reasonable jurists would debate whether the petition is timely, reasonable jurists would not debate whether the [P]etition states a valid constitutional claim").

In the Objections, Petitioner objects to all of Magistrate Judge Reid's findings regarding Claims One through Eight. *See generally* Objs. Specifically, Petitioner argues in regard to Claims One and Two, that "Florida's rule barring re-litigation of claims previously raised does not preclude federal habeas review," and that *de novo* review of Claims One and Two is warranted. Objs. at 4–5. Petitioner's remaining objections mirror the arguments previously raised in his Petition. Objs. at 5–23 (arguing, in Claims Three through Eight, that (1) the state trial court erred in not striking jurors for cause and (2) that Petitioner was denied effective assistance of counsel for (a) failing to investigate, interview, or call witnesses, (b) assert viable defenses, (c) challenge the credibility of witnesses, and more); Pet. at 20–36 (same).

Here, the Court construes Petitioner's objections to Claims One and Two as proper under Rule 72, but nonetheless concludes that Magistrate Judge Reid's recommendations were correct and agrees with her findings. *See* R&R at 18–20. Petitioner contends that "Florida's rule barring re-litigation of claims previously litigated does not prevent federal habeas review," citing to the U.S. Supreme Court's opinion in *Cone v. Bell*, 556 U.S. 449 (2009) and the Eleventh Circuit's opinion in *Clark v. Att'y Gen., Fla.*, 821 F.3d 1270 (11th Cir. 2016) in support of his contention.

4

*See* Objs. at 4–5. In the instant matter, however, the state courts did not rely solely on Florida's procedural bar in denying Petitioner's constitutional claims. Rather, in both orders denying Petitioner's writs of habeas corpus, the state court found that his claims were also meritless in lieu of binding Florida case law. *See* (ECF No. 21-5) at 29–32, 46–47 ("[Petitioner's] argument lacks merit because *Kirby* [*v. State*, 625 So. 2d 51 (Fla. Dist. Ct. App. 1993)] clearly states that an object includes an individual's own fingers when a victim is coerced into inserting them into an intimate body orifice."). And, as Magistrate Judge Reid observed, the Third District affirmed the second denial without comment. R&R at 18.

Because Claims One and Two were denied both on independent state procedural grounds and on the merits, Magistrate Judge Reid's finding that the claims are procedurally defaulted is correct. *Compare Clark*, 821 F.3d at 1283 (holding that a state court's refusal to "readjudicate a claim on the ground that it has been previously determined . . . does not indicate that the claim has been procedurally defaulted. To the contrary, it provides strong evidence that the claim has already been given full consideration by the state courts and thus is ripe for federal adjudication") (citing Cone, 556 U.S. at 467), *with Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994) ("[A]s here, where a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits of the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim.").

Additionally, Magistrate Judge Reid considered and rejected Petitioner's remaining arguments in the R&R. *See* R&R at 20–30. Therefore, because Petitioner merely rehashes arguments made earlier in his Petition and disagrees with Magistrate Judge Reid's conclusions in his Objections, the Court finds he is not entitled to a *de novo* review of his remaining claims. *See Camardo*, 806 F. Supp. at 382; *Melillo*, 2018 WL 4258355, at *1. The Court concludes that no

clear error was made with respect to Petitioner's remaining arguments that were raised before and considered by Magistrate Judge Reid, and agrees with Magistrate Judge Reid's findings in the R&R. *Keaton*, 2015 WL 12780912, at *1 ("[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

UPON CONSIDERATION of the Petition, the R&R, the Objections, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge Reid's R&R (ECF No. 24) is ADOPTED. It is FURTHER ORDERED that Petitioner's Petition (ECF No. 1) is DENIED and no certificate of appealability shall issue. The Clerk of Court in INSTRUCTED to CLOSE this case. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 25th day of June, 2021.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c: All counsel of record