UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-22671-MOORE/REID

PAUL R. BROSKY,

    Petitioner,

v.

SEC'Y, FLA. DEP'T OF CORR.,

    Respondent.

_____/

## REPORT OF MAGISTRATE JUDGE

The Court of Appeals for the Eleventh Circuit has remanded this case for a district court determination regarding whether a certificate of appealability ("COA") should issue with respect to the denial of Petitioner's Fed. R. Civ. P. 59(e) motion. [ECF No. 36]. The district court had previously denied Petitioner's 28 U.S.C. § 2254 habeas corpus petition and Fed. R. Civ. P. 59(e) motion for reconsideration. The district court had ruled that no COA should issue on the §2254 petition, but had not specifically addressed whether a COA should issue on the Rule 59(e) motion. As addressed below, a COA on Petitioner's Rule 59(e) motion should not issue.

### BACKGROUND

**A. Conviction**

Petitioner, a former police officer, was charged with armed sexual battery by a law enforcement officer and armed kidnapping. [ECF No. 24 at 1]. After a trial, Petitioner was convicted on both counts. [*Id.* at 8]. Petitioner was sentenced to fifty years' imprisonment with two 10-year mandatory minimum sentences on each count to run consecutively. [*Id.*]. Petitioner

appealed, and on February 3, 2010, the Florida Third District Court of Appeals ("Third District") affirmed without comment. *Brosky v. State*, 26 So. 3d 591 (Fla. 3d DCA 2010). Petitioner did not appeal to the Florida Supreme Court or the Supreme Court of the United States. [ECF No. 24 at 8].

### B. Postconviction Litigation

After pursuing post-conviction relief in the state court, Petitioner filed a 28 U.S.C. § 2254 Petition with this Court. [ECF No. 1]. He asserted eight grounds for relief from his state court conviction. *See generally* [*Id.*]. First, he alleged two separate claims for deprivations of his due process rights under the Fifth and Fourteenth Amendments. [*Id.* at 18–20]. The first due process claim is based upon the state court's supposed deviation from "the standard jury instruction for sexual battery," which rendered his entire trial "fundamentally unfair." [*Id.* at 18–19]. The second due process claim asserted the State failed to prove an essential element of the charged crime. [*Id.* at 19–20]. Petitioner's third claim alleged he was denied his right to a fair and impartial trial under the Sixth and Fourteenth Amendments because the jurors in his case could not render an impartial verdict. [*Id.* at 20–22]. In claims four through eight, Petitioner alleged he was denied effective assistance of counsel under the Fifth, Sixth, and Fourteenth Amendments because of his trial counsel's failure to: (i) adequately investigate the case and locate witnesses; (ii) investigate relevant and exculpatory evidence; (iii) "assert the only viable defense consistent with the facts;" (iv) question key witnesses' credibility; and (v) "contest the State's failure to preserve and provide critical evidence and otherwise move to suppress the evidence." [*Id.* at 23–35]. Additionally, Petitioner contended his Petition was timely. [*Id.* at 35–36].

On July 21, 2020, the Undersigned submitted a report ("R&R") recommending the Petition be denied on procedural grounds as well as on the merits and that no COA be issued. [ECF No.

20]. Petitioner timely objected to the R&R on October 21, 2020. [ECF No. 29]. District Judge K. Michael Moore submitted an order adopting the R&R and denied the § 2254 petition without issuing a COA. [ECF No. 30].

Following denial of the Petition, Petitioner filed a motion to alter judgment in accordance with Fed. R. Civ. P. 59(e). [ECF No. 31]. This motion, construed as a motion for reconsideration of the order denying the § 2254 petition, was denied by Judge Moore on the grounds Petitioner did not present any newly discovered evidence or point to any manifest errors of law justifying reconsideration. [ECF No. 32]. Petitioner appealed his final judgment to the Eleventh Circuit. [ECF No. 35]. On February 2, 2021, the Eleventh Circuit issued a limited remand to the District Court to determine whether a COA should issue regarding the denial of Petitioner's Rule 59(e) motion. [ECF No. 36].

## DISCUSSION

**I. Legal Standard**

Federal Rule of Appellate Procedure 22(b)(1) sets forth that an appeal may not proceed unless a COA is issued under 28 U.S.C. § 2253(c). Under Rule 11(a) of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "Because the denial of a Rule 59(e) motion constitutes a 'final order' in a state habeas proceeding," a COA is required to appeal from a denial of a Rule 59(e) motion. *Perez v. Sec'y, Fla. Dep't of Corr.*, 711 F.3d 1263, 1264 (11th Cir. 2013). Further, a COA may only issue if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253. The standard to determine whether a petitioner has made a showing sufficient to allow for a COA to issue is dependent on whether the petition was denied on procedural grounds or on the merits. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a

court reaches the merits of a case and dismisses the case on the substance of the constitutional claims, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* Where such claims for relief have been denied on procedural grounds, the petitioner must show that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right; and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *West v. United States*, 579 F. App'x 863, 865 (11th Cir. 2014) (citing *Slack*, 529 U.S. at 484).

Furthermore, a Rule 59(e) motion is only granted where there is "newly-discovered evidence or manifest errors of law or fact." *Hamilton v. Sec'y Fla. Dep't of Corr.*, 793 F.3d 1261, 1266 (11th Cir. 2015) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). It is also established that a Rule 59(e) motion cannot be used to raise an argument or present evidence that could have been raised prior to the entry of judgment. *Id.* "A party's disagreement with the court's decision, absent a showing of manifest error, is not sufficient to demonstrate entitlement to relief." *United States v. Dean*, No. 20-11603, 2021 WL 7655426 at *2 (citing *Jacobs v. Tempur-Pedic Int'l Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010)). Simply requesting a district court to reexamine an unfavorable ruling does not fulfill the "manifest error" requirement and is not the purpose of a Rule 59(e) motion. *Jacobs*, 626 F.3d at 1344.

**II. No COA Should Issue on Petitioner's Rule 59(e) Motion**

Here, Petitioner's claims were found to be barred procedurally and were denied on the merits. In *Slack*, the Court noted that where

> a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where,

4

> as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds *without* reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

529 U.S. at 484 (emphasis added). In the instant case, although this Court determined Petitioner's claims were procedurally barred, the Court also addressed the merits of Petitioner's substantive constitutional claims and determined dismissal of the Petition was appropriate on that basis as well. In denying Petitioner's Rule 59(e) motion for reconsideration, Judge Moore noted "Petitioner [did] not present any newly-discovered evidence or point to any manifest errors of law or fact justifying reconsideration … [and] instead attempts to relitigate many of the same arguments he raised in his Objections to the [R&R]." [ECF No. 32]. As Petitioner did not raise any new evidence or issues in his Rule 59(e) motion, and this Court reached the merits of his claims, a COA should issue only if Petitioner can demonstrate that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong. As further addressed below, reasonable jurists would not make such a finding, and as such, no COA should issue.

    A.  <u>Points One and Two</u>

In Points One and Two of his Rule 59(e) motion, Petitioner argued that the Court should have determined whether his Petition was timely and whether his Claims One and Two were procedurally defaulted. In fact, the issues of lack of timeliness and procedural default were thoroughly discussed in the R&R which the district court adopted. [ECF No. 30].

    B.  <u>Point Three</u>

Petitioner argues that a COA should issue for Claim Three because he had demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims

5

debatable or wrong, or that the issues deserve encouragement to proceed further." [ECF No 31 at 4]. Petitioner raised the same argument in his Petition. [ECF No. 1 at 19-20]. Petitioner's third claim revolves around his assertion that he did not receive a fair trial because of a lack of impartiality on the part of several members of the jury during his state trial. Petitioner pointed to various comments made by two jurors, regarding their past experiences with law enforcement and previous employment with a company against which Petitioner's trial counsel had brought suit. [ECF No. 1 at 21–22]. The state trial court, however, refused to strike these two jurors for cause, because they both indicated they would be able to exercise impartiality during deliberation of the case, and there was nothing in these jurors' demeanor or other indications to question their impartiality. [ECF Nos. 22-4 at 181; 22-5 at 19–20]. Further, a trial court's determination regarding impartiality is accorded tremendous deference. *See Patton v. Yount*, 467 U.S. 1025, 1031, 1038 (1984) (noting a trial court's conclusion that a juror is sufficiently impartial to comport with constitutional requirements is essentially a credibility determination which may "be overturned only for manifest error"). Petitioner has failed to demonstrate any manifest error in the trial court's credibility determination, as noted in the R&R, and affirmed in Judge Moore's Order adopting the same. [ECF Nos. 24 at 20–22; 30 at 4].

    C.  Point Four

Finally, Petitioner argues in his Rule 59(e) motion that the R&R was factually incorrect with respect to the review of Claim Five. Here, Petitioner simply contests the validity of the trial court's finding. In the R&R, the Undersigned addressed the trial court's conclusion regarding Petitioner's assertion that there was some exculpatory surveillance footage not in evidence. The trial court found the assertion was erroneous because, although there were several cameras at the warehouse in question, "there was only one tape … [and] all of the video feeds were captured on

6

one screen … [and therefore] there were not multiple videotapes for review." [ECF No. 21-2 at 211]. Also, because the record established trial counsel investigated the issue and subsequently raised it at trial, there is no debatable issue surrounding rejection of this claim. *See* [ECF Nos. 21-4 at 125–34; 22-6 at 34–35]. As such, Petitioner's Rule 59(e) motion does not raise a new argument or present new evidence that was not before the trial court.

As explained above, as well as in the Undersigned's R&R, and Judge Moore's Order adopting the same, no reasonable jurists would find the assessment of Petitioner's constitutional claims debatable or wrong. Because Petitioner's Rule 59(e) motion has failed "to raise any new issues and instead attempts to relitigate" issues which had already been asserted and dismissed, and Petitioner has not made a substantial showing of the denial of a constitutional right, no COA should issue on Petitioner's Rule 59(e) motion.

## CONCLUSION

As discussed above, it is **RECOMMENDED** that no COA issue on this Court's denial of Petitioner's Rule 59(e) motion.

Objections to this report may be filed with the district judge within ten days of receipt of a copy of the report. Failure to file timely objections shall bar petitioner from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 148–53 (1985); *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**SIGNED** this 29th day of March, 2022.

_[signature]_

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: Paul R. Brosky
M61279
Everglades Correctional Institution
Inmate Mail/Parcels
1599 SW 187th Avenue
Miami, FL 33194
PRO SE

ALL COUNSEL OF RECORD